UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAEED MASJEDI,<br><br>    Plaintiff,<br>    v.<br>ELIZABETH VALDEZ, et al.,<br><br>    Defendants. | No. 2:25-cv-11706-ODW-BFM<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

**SUMMARY OF ORDER**

This order concerns a pro se civil rights complaint filed by Plaintiff Saeed Masjedi. Plaintiff alleges that Defendants committed fraud on the Los Angeles Superior Court, which affected the adjudication of his case. He alleges this conduct violated his First and Fourteenth Amendment rights.

In evaluating Plaintiff's application for in forma pauperis status, the Court is required to dismiss the case if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). It appears that may be the case here as the Complaint does not comply with Rule 8's requirement that a Complaint provide a short and plain statement of the

grounds for relief. Beyond that, the Complaint does not appear to state a claim under 42 U.S.C. § 1983, since none of the Defendants are state actors and their actions are not fairly attributable to the state.

The Court therefore orders Plaintiff to explain why his case should not be dismissed. **If Plaintiff fails to timely respond to this order, the Court may recommend that this action be dismissed without prejudice for failure to prosecute**.

## ORDER

### A. Legal Standard

Where a plaintiff seeks permission to proceed in forma pauperis, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual claims in the Complaint and views all inferences in a light most favorable to him. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Because Plaintiff is not represented by counsel, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

### B. Factual Background

The Complaint alleges the following facts, taken as true for purposes of this Order:

1 Plaintiff filed a civil case against Defendant Elizabeth Valdez in the Los Angeles Superior Court, Case No. 23STCV11253. In response, Valdez filed a cross-complaint. Plaintiff alleges that on June 18, 2024, Judges Feeney and Kim falsified the record in the case and used that falsification to defeat his effort to have the cross-complaint dismissed. (ECF 1 ("Compl.") ¶ 16.) The Superior Court's decision was affirmed on appeal. (*See* Compl. ¶ 17.) Plaintiff alleges that Defendants Valdez and her attorneys, Ashton Watkins, Adolfo Garber, and Bruce Adelstein, were willful co-conspirators with the state actors to impose extrinsic fraud on those courts. (Compl. ¶ 14.)

**C. Analysis**

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement showing that the pleader is entitled to relief" where each allegation is "simple, concise, and direct." *See* Fed. R. Civ. P. 8(a), (d)(1). While Rule 8 does not require detailed factual allegations, a complaint, at a minimum, must allege enough facts to provide "fair notice" of both the claim being asserted and "the grounds upon which [the particular claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.3 (2007) (internal citation and quotation marks omitted). A complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 2002).

Plaintiff fails to do so here. It is not clear why Plaintiff believes his First or Fourteenth Amendment rights were violated. He alleges that Defendants' fraud allowed them to "evade due adjudication of [his] Litigation Privilege defense in that state court thereby obstructing the due dismissal of the Cross-Complaint" and that the appellate court "repeated that falsification, evasion, and deprivation." (Compl. ¶¶ 16-17.) But it is not clear exactly what Defendants allegedly falsified or how that prevented adjudication of his defense. From what the Court can tell, both the superior court and the appellate court fully

considered the litigation privilege issue. *See Masjedi v. Valdez*, B340847, 2025 WL 3239045, at *4-5 (Cal. Ct. App. Nov. 20, 2025) (affirming trial court's ruling concerning the litigation privilege).

A violation of Rule 8 is itself a basis for dismissal. *McHenry*, 84 F.3d at 1178. It appears such dismissal is warranted here, based on the failure to provide nonconclusory factual allegations.

Even if Plaintiff were able to cure the above deficiency, it does not appear that he could state a claim under § 1983. To state a claim for relief under § 1983, a complaint must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Defendants are private parties: Valdez was Masjedi's landlord, and Garber, Watkins, and Adelstein are her attorneys. *See* Docket, *Saeed Masjedi v. Elizabeth Valdez*, 23STCV11253, available https://www.lacourt.ca.gov/pages/lp/access-a-case/tp/find-case-information/cp/os-civil-case-access; *see also Masjedi*, 2025 WL 3239045, at *1. They are therefore not liable under § 1983 unless "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

The Complaint, however, does not state facts that permit the Court to make that inference. Plaintiff's allegations boil down to the claim that private actors committed fraud on superior court judges. That the conduct occurred in connection with decisions made by state courts judge does not, without more, make it state action. Nor does adjudication of the parties' claims or reliance on any alleged fraud somehow make Defendants' conduct attributable to the state. And while Plaintiff claims that Defendants were "co-conspirators" and "joint participants" with the state actors (Compl. ¶ 14), he has not made any specific factual allegations to support that claim.

4

At bottom, it appears that Plaintiff fails to state a claim under § 1983.

## CONCLUSION

For these reasons, it appears that in forma pauperis status should be denied. Moreover, because it does not appear Plaintiff could fix the lack of state action issue through amendment, the Court is inclined to recommend that the case dismissed without leave to amend. Before the Court recommends denial of the IFP application, however, the Court will give Plaintiff an opportunity to respond. Plaintiff is therefore ordered to show cause—to explain in writing— why the Court should not recommend denial of IFP status. Plaintiff's response should be filed **no later than January 22, 2026**. **Plaintiff's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed without prejudice for failure to prosecute and to follow court orders.**

DATED: December 22, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

5